UNITED STATES of America, Plaintiff,

v.

Louis MARKUS, Defendant.

Crim. A. No. 82–325.

United States District Court,
D. New Jersey.

Jan. 28, 1983.

W. Hunt Dumont, U.S. Atty. by Robert J. Kipnees, Asst. U.S. Atty., Newark, N.J., for plaintiff.

Peter V. Ryan, Asst. Federal Public Defender, Newark, N.J., for defendant.

## OPINION

SAROKIN, District Judge.

In a twenty-count indictment, defendant Louis Markus was charged with transporting stolen checks across state lines.[1] A total of twenty checks were alleged to have been forged by defendant and then negotiated. Each count of the indictment alleges that a single check was cashed and that the cashing of the check constituted a single offense. All counts of the indictment are alleged independently and there is no incorporation by reference of one count by another. Each count alleges that a check of under $5,000 was cashed.

Defendant contends that because none of the checks cashed had a value of $5,000 or more, the court lacks jurisdiction over the case and the indictment must therefore be dismissed. Although defendant was aware of the grounds for the objection prior to trial, the objection was not made until after the jury was empanelled in the conceded

hope that double jeopardy would attach. The government contends that the defendant's objection is untimely and further contends that jurisdiction is not lacking because it is appropriate to aggregate the value of all of the checks to satisfy the jurisdictional limitation. The court must first determine whether defendant's objection was timely made.

Rule 12 of the Federal Rules of Criminal Procedure requires that defenses and objections based on defects in the indictment be raised prior to trial. Fed.R. Crim.P. 12(b)(2). An exception is made for jurisdictional objections, however. Jurisdictional objections are required to "be noticed by the court at any time during the pendency of the proceedings." Id. See Government of the Canal Zone v. Burjan, 596 F.2d 690, 693 (5th Cir.1979). The requirement that the value of the goods transported over state lines be $5,000 or more to constitute an offense under 18 U.S.C. § 2314, is recognized as a jurisdictional limitation on federal court prosecutions. United States v. Grenagle, 588 F.2d 87 (4th Cir.1978), cert. denied, 440 U.S. 927, 99 S.Ct. 1260, 59 L.Ed.2d 482 (1979). The purpose of the requirement is to limit the use of federal resources to matters involving substantial value. Id. at 88. Because the restriction on prosecutions is jurisdictional, defendant's motion is not untimely and its merits will therefore be considered. cf. United States v. Wander, 601 F.2d 1251, 1259 (3d Cir.1979).

Defendant is charged with twenty separate violations of 18 U.S.C. § 2314, which provides:

> Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; ... shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

18 U.S.C. § 2314.

> "Value is defined in 18 U.S.C. § 2311: 'Value' means the face, par, or market value, whichever is the greatest, and the aggregate value of all goods, wares, and

---

1. The offense is alleged to be in violation of 18     U.S.C. § 2314.

merchandise, securities, and money *referred to in a single indictment* shall constitute the value thereof.

18 U.S.C. § 2311 (emphasis supplied).

■ Under the government's interpretation of the statute, the jurisdictional limitation is satisfied so long as the aggregate value of all checks described in the indictment is $5,000 or more. The government contends that it is irrelevant that the negotiation of each check is alleged in a separate count of the indictment, and it is irrelevant that the value of each check cashed and alleged to constitute a violation of the law, was for less than $5,000. The plain language of the statute, according to the government, permits aggregation of all acts alleged in separate counts of the indictment to reach the jurisdictional minimum. This interpretation is erroneous.

In referring to the "aggregate value of all . . . securities, and money referred to in a single indictment," 18 U.S.C. § 2311, Congress meant a single count of an indictment. To read the statute otherwise would deprive the jurisdictional limitation of its meaning and give the government maximum sentencing advantage without establishing an essential element of the crime, property worth $5,000 or more. *See United States v. Perry,* 638 F.2d 862, 865 (5th Cir. 1981).

If the government's interpretation were adopted by the court, sentence could be imposed on a defendant on a separate count of the indictment, alleging an offense of under $5,000, so long as the defendant was also convicted on other counts of the indictment which would bring the total to $5,000 or more. Such a strained and contorted reading of the statute could not have been intended by Congress. In *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932), Justice Holmes, writing for the Court, stated that "each count in an indictment is regarded as if it was a separate indictment." *Id.* Therefore, extending the principle of *Dunn* to this case, by alleging one offense in each of the twenty separate counts of the indictment, the government has indicted defendant twenty times. In none of these separate indict-

ments is the jurisdictional minimum of 18 U.S.C. § 2314 satisfied. The indictment must therefore be dismissed.

The government argues that this result contradicts the Supreme Court's interpretation of the statute in *Schaeffer v. United States,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960). In *Schaeffer,* the Court stated:

A sensible reading of the statute properly attributes to Congress the view that where the shipments have enough relationship so that they may properly be charged as a single offense, their value may be aggregated. The Act defines 'value' in terms of that aggregate. The legislative history makes clear that the value may be computed on 'a series of transactions.'

*Id.* at 517, 80 S.Ct. at 948.

*Schaeffer* is distinguishable from this case. In *Schaeffer,* defendants were charged with transporting stolen goods across state lines. In the first count of the indictment, it was alleged that defendants Schaeffer had been involved in the transportation of stolen apparel from New York to Pennsylvania. In the second count it was alleged that defendant Marco was involved in transporting similar goods from New York to West Virginia. In the third count it was alleged that defendant Karp was also involved in the transportation of clothing across state lines, from New York to Massachusetts. Although each shipment was of goods having a value of less than $5,000, several shipments were alleged in each count of the indictment and the aggregate value of the shipments in each count was over $5,000. The Supreme Court found that the shipments had enough connection so that they could be aggregated to establish a single offense. *Id.* The Court did not, however, aggregate shipments in one count of the indictment with shipments listed in another count, alleging a separate offense. The situation here thus differs significantly from that in *Schaeffer.*

If the government had alleged that all of the checks described in the indictment had been transported across state lines in a group, then aggregation of the checks would have been permissible because one

offense would have been alleged of over $5,000. *See United States v. Squires,* 581 F.2d 408, 411 (4th Cir.1978). It would also have been proper for the government to allege that the negotiation of one check constituted a single offense, but the check would have had to have been drawn for $5,000 or more. *See Id.* In short, it is permissible to aggregate a series of related transactions described in a single count of an indictment so long as the series is alleged to constitute a single offense. *Schaeffer v. United States,* 362 U.S. 511, 517, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960). To do what the government has done, however, falls short of this standard and therefore the indictment must be dismissed. The result is unfortunate because the defendant clearly was guilty of transporting and negotiating stolen checks and the jury so found. However, for the foregoing reasons, the court has no alternative but to dismiss the indictment.

Counsel for the defendant is directed to submit an order in accordance with this opinion.