**UNITED STATES of America,**
**Appellant,**

v.

**MARKUS, Louis.**

No. 83–5190.

United States Court of Appeals,
Third Circuit.

Argued Nov. 1, 1983.
Decided Nov. 16, 1983.

---

**443**

W. Hunt Dumont, U.S. Atty., Faith Hochberg (argued), Samuel Rosenthal, Chief Appeals Div., U.S. Attorney's Office, Newark, N.J., for appellant; Edna F. Ball, Asst. U.S. Atty., Newark, N.J., on brief.

Peter V. Ryan, Asst. Federal Public Defender, Dist. of N.J., Newark, N.J., for appellee.

Before ALDISERT, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

■ The government appeals from a district court order dismissing an indictment for lack of jurisdiction and acquitting the defendant after the jury had returned a verdict of guilty. The question presented is whether the district court erred in requiring each count in an indictment brought under 18 U.S.C. § 2314 to meet the statutory minimum of $5,000. We have appellate jurisdiction under 18 U.S.C. § 3731, and, inasmuch as a dismissal for lack of jurisdiction by the district court raises a question of law, our standard of review is plenary. *Universal Minerals, Inc. v. C.A. Hughes & Co.,* 669 F.2d 98 (3d Cir.1981). Because we

find no error in the judgment of the district court, 555 F.Supp. 375, we affirm.

### I.

■ The relevant facts are easily summarized. On October 11, 1982, a federal grand jury returned a 20 count indictment against Louis Markus based on interstate transportation of stolen checks. 18 U.S.C. § 2314. Section 2314 provides that any person transporting such checks, having a value of $5,000 or more, shall be subject to fine, imprisonment or both. The $5,000 threshold requirement reflects a congressional intent to limit federal jurisdiction to cases involving stolen goods having substantial value and is an essential element of the federal offense. *United States v. Perry,* 638 F.2d 862, 865 (5th Cir.1981). Although Markus transported a total of 20 checks whose total value exceeded $24,000, each count in the indictment only charged him with transportation of a single stolen check, and the value of each such check was less than $5,000.

Both after the jury was sworn, and following the close of the government's case in chief, defendant moved for a judgment of acquittal. Defendant based both motions on the ground that each count of the indictment was defective because none satisfied the jurisdictional amount of $5,000. Each time the court reserved its decision on the motion. After the jury commenced deliberations and returned a verdict of guilty on all counts, however, the district court acted on defendant's motion, dismissing the indictment for want of federal jurisdiction and entering a judgment of acquittal.

### II.

■ On appeal the government's basic contention is that, although no single count involved a check or checks with a value over $5,000, if the indictment is considered *in toto,* the jurisdictional amount is satisfied because the sum of all checks is in excess of $24,000. In support of this liberal reading of the indictment the government cites versions of the principle that an indictment must be taken as a whole, reasonably read,

and given a fair construction. It is sufficient, the government argues, if "the necessary facts appear in any form or by fair construction can be found within the terms of the indictment." *Ramirez v. United States,* 318 F.2d 155, 157 (9th Cir.1963) (quoting *Hagner v. United States,* 285 U.S. 427, 433, 52 S.Ct. 417, 420, 76 L.Ed. 861 (1932)). The government also asserts that appellate courts "should read an indictment in a common sense manner, [and] refus[e] to reverse a conviction because of minor deficiencies in the indictment that could not have prejudiced the defendant ...." *United States v. King,* 587 F.2d 956, 963 (9th Cir.1978). In addition, the government argues, if the indictment is read as charging but a single offense, it would satisfy all the essential functions an indictment is required to fulfill, and, for the purposes of sentencing, no prejudice to defendant would result.

These arguments only beg the question of whether the 20 counts in the subject indictment are susceptible to merger. We conclude that they are not. What Justice Holmes said over a half century ago is still controlling today: "Each count in an indictment is regarded as if it was a separate indictment." *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932). *See also United States v. Fulcher,* 626 F.2d 985, 988 (D.C.Cir.), *cert. denied,* 449 U.S. 839, 101 S.Ct. 116, 66 L.Ed.2d 46 (1980); *United States v. Branan,* 457 F.2d 1062, 1065 (6th Cir.1972); *United States v. Andreadis,* 366 F.2d 423, 435 (2d Cir.1966), *cert. denied,* 385 U.S. 1001, 87 S.Ct. 703, 17 L.Ed.2d 541 (1967); *United States v. Russo,* 335 F.2d 299, 301 (7th Cir.1964), *cert. denied,* 379 U.S. 962, 85 S.Ct. 651, 13 L.Ed.2d 556 (1965). Here, no matter how reasonably the indictment is read nor how fairly it is construed, no single count, considered as a separate indictment, can withstand the sufficiency test. None of the counts satisfy the jurisdictional element of $5,000.

In arguing for a different result, the government strongly relies on the definition of "value" set forth in 18 U.S.C. § 2311. This provides that the "aggregate value of all goods, wares, and merchandise, securities, and money referred to in a single indictment shall constitute the value thereof." In interpreting this section, the Supreme Court has stated that it "properly attributes to Congress the view that where the [subject activities] ... may properly be charged as a *single offense,* the value may be aggregated." *Schaffer v. United States,* 362 U.S. 511, 517, 80 S.Ct. 945, 949, 4 L.Ed.2d 921 (1960). (Emphasis supplied). It is obvious that the key phrase is "a single" offense or indictment. But here, the grand jury did not charge a single offense, nor, as noted above, can the indictment be analyzed as a single indictment. The indictment's 20 counts allege 20 separate offenses, and the grand jury clearly describes each in a plain, concise, and definite written statement containing the essential facts constituting each offense, as is mandated by law. *See* Rule 7(c)(1), F.R.Cr.P.

Finally, we find it significant that the allegations contained in any single count are not incorporated by reference in any other count as allowed by Rule 7(c)(1). Because the government chose not to utilize this method of aggregation in the indictment, it is not now available to the government on appeal. It is settled law that "nothing can be added to an indictment without the concurrence of the grand jury by which the bill was found." *United States v. Norris,* 281 U.S. 619, 622, 50 S.Ct. 424, 425, 74 L.Ed. 1076 (1930).

We hold, therefore, that because 18 U.S.C. § 2314 requires a $5,000 minimum jurisdictional amount and because each count of a multiple count indictment must satisfy this jurisdictional minimum, the district court correctly dismissed the indictment in the present case and properly ordered the defendant acquitted on all counts.

### III.

Accordingly the judgment of the district court will be affirmed.