**UNITED STATES of America, Appellee,**

v.

**Glenn LAGERQUIST, Appellant.**

**No. 83–1501.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1983.

Decided Jan. 11, 1984.

Rodney S. Webb, U.S. Atty., Gary Annear, First Asst. U.S. Atty., Fargo, N.D., for appellee.

William Kirschner, Fargo, N.D., for appellant.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

ROSS, Circuit Judge.

This action is before the court on appeal by a defendant convicted of five counts of interstate transportation of stolen property in violation of 18 U.S.C. § 2314. For the reasons stated herein we hold that the district court[1] lacked jurisdiction to decide this case.

FACTS

In March 1982, the appellant, Glenn Lagerquist placed an advertisement in a Fargo, North Dakota, newspaper in an attempt to acquire confectionary sunflower seeds. In response to this ad Dennis Werre telephoned the appellant at a Montana telephone number and left his name and number on an answering machine. On April 14, 1982, Lagerquist called Curtis Werre, Dennis Werre's brother, requesting to purchase sunflower seeds. An agreement was

---

[1]. The Honorable Paul Benson, Chief Judge, United States District Court, District of North Dakota.

reached whereby appellant was to pay $.12 per pound for the seed, within one week of receipt.

Between April 15 and April 26, appellant picked up five loads of seed. Initially the Werres believed that the seed was going to a location in Montana, although Lagerquist in fact sold the seed, on the same days as he received it, to Cargill, Inc., in North Dakota. Dennis Werre became suspicious of Lagerquist when appellant's trucks appeared at the farm to pick up seed so frequently in such short intervals of time. After the fifth load was picked up, Dennis Werre demanded payment from the appellant. Lagerquist did not pay Werre for the seed even though he had received payment from Cargill, Inc.[2] Subsequently the Werres complained to the Consumer Fraud Division of the Attorney General's Office regarding their dealings with the appellant.

As a result of further investigation, Lagerquist was eventually tried and convicted of five counts of interstate transportation of stolen property, under 18 U.S.C. § 2314. He was sentenced by the district court to eight years imprisonment on each count, with the sentences to run concurrently.

ISSUE

On appeal Lagerquist claims that the district court lacked jurisdiction to entertain this suit, as the government's indictment failed to establish the $5,000 jurisdictional amount required for prosecution under 18 U.S.C. § 2314.[3] In this regard appellant raises the following issue: If the value of the property in each of the five counts is aggregated to reach the jurisdictional amount, can appellant's convictions of five separate offenses be upheld?

DISCUSSION

In this case the government filed a five count indictment in the following amounts: Count I, $3,766.79; Count II, $3,668.15; Count III, $3,533.18; Count IV, $3,245.40; and Count V, $3,358.11, representing the amounts of each of the five checks Lagerquist received from Cargill, Inc. As none of the individual checks satisfied the $5,000 requirement of section 2314, the government sought to aggregate the value of the checks. This is an acceptable procedure provided the separate transactions that give rise to liability are substantially related, and that they are "charged as a single offense." *Schaffer v. United States,* 362 U.S. 511, 517, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960). This court upheld such an approach in *United States v. Honey,* 680 F.2d 1228, 1230 (8th Cir.1982).[4]

In this case the government did not allege multiple transactions in one count of

---

**2.** Cargill, Inc. had made payment to Lagerquist in the form of five separate checks drawn on a bank in Chicago, Illinois.

**3.** Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, *of the value of $5,000 or more,* knowing the same to have been stolen, converted or taken by fraud; * * *

　　*　　*　　*　　*　　*　　*

Shall be fined not more than $10,000 or imprisoned not more than ten years, or both. 18 U.S.C. § 2314 (emphasis added). The Act defines value as:

"Value" means the face, par, or market value, whichever is the greatest, and *the aggregate value* of all goods, wares, and merchandise, securities, *and money referred to in a single indictment* shall constitute the value thereof.

18 U.S.C. § 2311 (emphasis added).

**4.** In *Honey* this court upheld the aggregation of three separate transactions in a single count of an indictment.

The opinion of the district court stated:

If the United States Attorney here had chosen to prosecute Mr. Honey for the three shipments (each of a value under $5,000) in three separate counts of the indictment, another question would arise: if the value of the property in each of the three counts could be aggregated for the purpose of reaching the $5,000 jurisdictional amount (because under section 2311 said property was referred to "in a single indictment"), would it be proper to permit that person to be convicted of three separate crimes under section 2314 with the possibility of a three-fold increase in the sentence? As indicated, we do not need to answer this question because the prosecutor here aggregated the three shipments within *one count* of the indictment and, therefore, Mr. Honey has been convicted of only one crime and must be sentenced accordingly. *United States v. Honey,* 542 F.Supp. 129, 134 (E.D.Ark.1981).

an indictment. Here, the indictment characterized each transaction as a separate offense. Although the total value of the five checks exceeded $5,000, each count in the indictment only charged Lagerquist with transportation of a single check, and the value of each check was less than $5,000. "Each count of an indictment is regarded as if it was a separate indictment." *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932); *United States v. Harris,* 701 F.2d 1095, 1103 (4th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 3554, 77 L.Ed.2d 1400 (1983). Here, no single count, considered as a separate indictment, satisfies the $5,000 jurisdictional amount.[5]

In *United States v. Markus,* 555 F.Supp. 375 (D.N.J.1983), the court addressed this precise issue and held:

> It would * * * have been proper for the government to allege that the negotiation of one check constituted a single offense, but the check would have had to have been drawn for $5,000 or more. * * * In short, it is permissible to aggregate a series of related transactions described in a single count of an indictment so long as the series is alleged to constitute a single offense. [Citation omitted.] To do what the government has done, however, falls short of this standard and therefore the indictment must be dismissed.

555 F.Supp. at 378.

■ Shortly after we heard the arguments in this case the Third Circuit affirmed the district court. *See United States v. Markus,* 721 F.2d 442 (3d Cir.1983). In upholding the district court, the Third Circuit concluded:

> We hold, therefore, that because 18 U.S.C. § 2314 requires a $5,000 minimum jurisdictional amount and because each

count of a multiple count indictment must satisfy this jurisdictional minimum, the district court correctly dismissed the indictment in the present case and properly ordered the defendant acquitted on all counts.

At 444. We agree with the conclusion reached in *Markus.*

■ In this case, although Lagerquist transported five checks with a combined value in excess of $5,000, none of the counts standing alone satisfied the jurisdictional amount required in 18 U.S.C. § 2314. Accordingly we hold that the district court lacked jurisdiction to entertain this suit.

**5.** Although not addressed by the parties, we note that the allegations contained in any single count of the indictment were not incorporated by reference in any other count as allowed by FED.R.CRIM.P. 7(c)(1). "Because the government chose not to utilize this method of aggregation in the indictment, it is not now available * * * on appeal." *United States v. Markus,* 721 F.2d 442 at 444 (3d Cir.1983).