**Sherman Alphonse GENDRON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16775.**

United States Court of Appeals Eighth Circuit.

Nov. 8, 1961.

No oral argument was made for appellant; Charles M. Shaw, Clayton, Mo., on the brief.

Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., made oral argument for appellee; D. Jeff Lance, U. S. Atty., Frederick H. Mayer, Asst. U. S. Atty., St. Louis, Mo., and Harold F. Fullwood, Asst. U. S. Atty., St. Louis, Mo., on the brief.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Gendron appeals from his conviction upon an indictment charging him with a violation of 18 U.S.C.A. § 2315. The indictment reads:

"That on or about the 25th day of January, 1961, in the City of St. Louis, in the State of Missouri, within the Eastern Division of the Eastern District of Missouri,

Sherman Alphonse Gendron
and
Vito Dominic Biondo,

the defendants, did receive and conceal certain securities, to wit, 133, more or less, United States Savings Bonds, Series 'E' of a value of $5,000.00 or more, which were moving as and constituted interstate commerce from the State of Illinois to the State of Missouri, they, the said defendants, at the time of receiving and concealing said securities, well knowing the same to have been stolen.

"In violation of Section 2315, Title 18, United States Code." [1]

Defendant entered a plea of not guilty, was tried by a jury, and was found guilty. Judgment of conviction was entered and defendant was sentenced to imprisonment for five years.

Defendant urges that he is entitled to a reversal for the following reasons:

1. The court committed prejudicial error in giving certain specified instructions.

2. The evidence failed to prove the value of the bonds to be $5,000 or more and hence the proof failed to establish a violation of the statute.

3. The indictment is fatally defective, in that it fails to allege the defendant unlawfully, wilfully and feloniously received and concealed the securities.

4. Plain error was committed in receiving in evidence the bonds which were obtained by means of an unlawful search and seizure.

At the outset, we observe that defendant has failed to comply with our rule 11(b), 28 U.S.C.A. relating to contents of briefs. He has failed to set out the record supporting the errors he asserts and has failed to give citations to the portion of the record upon which he relies. Nevertheless, although we are not compelled to do so, we have fully examined the record. We shall now consider the errors urged in the order in which they are above stated.

Defendant asserts that portions of four instructions given by the trial court are erroneous and prejudicial. We find that the defendant requested no instructions and that he took no exceptions to the instructions. He was afforded an opportunity to make exceptions and when the court inquired of defendant's counsel whether he had any suggestions as to the instructions given, defendant's counsel replied, "No, your Honor."

Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. among other things, provides:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

The purpose of this rule is to afford the trial court a fair opportunity to correct any possible mistake that it might have made in its charge. This long-standing rule is a simple one and is well understood generally, and serves a useful purpose. In the absence of a plain error situation, the rule should be enforced. We have frequently applied the rule. Johnson v. United States, 8 Cir., 291 F.2d 150, 156; Page v. United States, 8 Cir., 282 F.2d 807, 809; Armstrong v. United States, 8 Cir., 228 F.2d 764, 768.

Defendant, by reason of his failure to except to the instructions in the manner required by Rule 30, is not en-

---

1. Defendant Vito Dominic Biondo entered a plea of.guilty to this indictment and has not appealed from his conviction upon such plea.

titled to a review of the errors he now asserts for the first time upon appeal.

■ Defendant's contention that the evidence fails to prove the value of the bonds to be $5,000 or more is not properly before us for review. The defendant moved for a judgment of acquittal at the close of the Government's evidence but did not renew such motion at the close of all of the evidence. The defendant by offering evidence in his own behalf, waived the motion which he had made at the close of the Government's case. McDonough v. United States, 8 Cir., 248 F.2d 725, 727. Since defendant did not renew his motion at the close of the evidence, we have no ruling of the trial court to review on the issue of the sufficiency of the evidence to support the conviction. Rosenbloom v. United States, 8 Cir., 259 F.2d 500, 502; Cofer v. United States, 8 Cir., 256 F.2d 221, 223.

■ In any event, there is substantial evidence to support a finding that the 133-$100 United States Series "E" Savings Bonds had a value in excess of $5,000.

■ Defendant urges that the indictment is fatally defective in that it fails to allege the act charged was committed with criminal intent. Defendant first raised this issue in a motion for new trial after a verdict of guilty. The failure of an indictment to charge an offense may be noticed by the court at any time during the pendency of the proceeding. Rule 12(b)(2), Federal Rules of Criminal Procedure.

The question of whether the crime proscribed by 18 U.S.C.A. § 2315 includes criminal intent as an essential element is a rather troublesome one. The statute so far as here material reads:

"Whoever receives, conceals, stores, barters, sells, or disposes of any goods, wares, or merchandise, securities, or money of the value of $5,000 or more, * * * moving as, or which are a part of, or which constitute interstate or foreign commerce, knowing the same to have been stolen, unlawfully converted, or taken;

\* \* \* \* \* \*

"Shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

It is apparent that the statute by its terms does not specifically make criminal intent an element of the offense.

In United States v. Behrman, 258 U. S. 280, 288, 42 S.Ct. 303, 304, 66 L.Ed. 619, the court upheld an indictment charging a narcotics violation, stating:

"It is enough to sustain an indictment that the offense be described with sufficient clearness to show a violation of law, and to enable the accused to know the nature and cause of the accusation and to plead the judgment, if one be rendered, in bar of further prosecution for the same offense. If the offense be a statutory one, and intent or knowledge is not made an element of it, the indictment need not charge such knowledge or intent."

See also United States v. Balint, 258 U.S. 250, 42 S.Ct. 301, 66 L.Ed. 604.

In Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288, the Behrman and Balint cases are distinguished. The court holds that Congress in the enactment of the statute there involved intended to include the elements of the common law concept of the offense involved which was of the larceny type. The court states, at page 260, 72 S.Ct. at page 248:

"Neither this Court nor, so far as we are aware, any other has undertaken to delineate a precise line or set forth comprehensive criteria for distinguishing between crimes that require a mental element and crimes that do not. We attempt no closed definition, for the law on the subject is neither settled nor static."

There is doubt whether criminal intent is an element of the common law offense of receiving stolen property. See

Kirby v. United States, 174 U.S. 47, 52, 63, 19 S.Ct. 574, 174 U.S. 47.

In 76 C.J.S. Receiving Stolen Goods, § 1, p. 2, we find the following:

"All the authorities agree that at common law the receiving of stolen goods knowing them to have been stolen was a distinct substantive offense, * * *.

"The offense has been called a statutory one, and a specific statutory crime. Where statutes of this • character exist, the character or grade of the offense must depend alone on the provisions of the statutes."

■ If intent in fact was an element of the common law crime, the question would still remain whether Congress in enacting the statute here involved which did not incorporate criminal intent as an element, intended to adopt as part of the statutory offense all elements of the common law offense, including those not specified. Congress of course is not compelled to follow common law concepts in creating a statutory crime.

The statute here involved is one of a series of statutes under Chapter 113, headed "Stolen Property." See 18 U.S. C.A. §§ 2311 to 2317, inclusive. Sections 2314 and 2315 constitute a major part of the National Stolen Property Act of 1934. Section 2314 makes the transportation of stolen goods in interstate commerce, knowing them to have been stolen, unlawful, and Section 2315 makes the receiving of such goods, knowing them to have been stolen, unlawful. Said sections were amended in 1939 by addition thereto. 53 Stat. 1178. The clauses added to § 2314 specifically require unlawful or fraudulent intent as an element. The clauses added to § 2315 contain no requirement of unlawful or fraudulent intent. Thus, within the very same amendatory act, Congress specifically makes intent a requirement with respect to certain offenses and makes no such requirement with respect to others.

With respect to receipt of stolen government property, 18 U.S.C.A. § 641 specifically makes "intent to convert it to his use or gain" an element.

Congress, by specifically making criminal intent requirements in some of the related statutes and by omitting such requirement in others, as above shown, has established a pattern of specifying criminal intent as an element in cases where it intended such requirement to be an essential element. An inference is warranted that Congress in not providing for criminal intent in the statute we are considering, did so deliberately.

18 U.S.C.A. §§ 2312 and 2313 are parallel sections dealing with transportation of and receipt of stolen motor vehicles, knowing them to have been stolen. Like § 2315, neither 2312 nor 2313 requires expressly fraudulent or felonious intent.

Forms of indictment under §§ 2312 and 2313 (Forms 6 and 7, Appendix of Forms, Federal Rules of Criminal Procedure, set out pursuant to Rule 58) do not allege fraudulent or felonious intent. These forms have been stated to be:

"* * * powerfully persuasive that an indictment in such form is constitutionally sufficient to inform the defendant of the nature and cause of the accusation against him since we cannot presume that an invalid or even defective illustrative form of indictment would emanate from the Supreme Court of the United States." Myles v. United States, 5 Cir., 170 F.2d 443, 445.

■ In any event, if criminal intent not specifically mentioned in the statute can be inferred from common law concepts of the offense to be an element of the offense, we believe that it can likewise be inferred from the present indictment that such criminal intent is charged.

Defendant has suffered no prejudice as a result of the form of the indictment. The indictment fully complies with Rule 7(c), Federal Rules of Criminal Procedure.

"The sufficiency of an indictment should be judged by practical, and not by technical, considerations. It is nothing but the formal charge upon which an accused is brought to trial. An indictment which fairly informs the accused of the charge which he is required to meet and which is sufficiently specific to avoid the danger of his again being prosecuted for the same offense should be held good." Harris v. United States, 8 Cir., 288 F.2d 790, 793; Anderson v. United States, 8 Cir., 262 F.2d 764, 770; Hewitt v. United States, 8 Cir., 110 F.2d 1, 6.

The Supreme Court has in the more recent cases shown a great reluctance to reverse convictions for technical deficiencies in the indictment which do not prejudice the accused. Smith v. United States, 360 U.S. 1, 79 S.Ct. 991, 3 L.Ed. 2d 1041; United States v. Debrow, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861.

The present case was tried upon the basis that the burden was upon the Government to prove criminal intent on the part of the defendant beyond a reasonable doubt, and the court so instructed the jury. Thus, even in the event that criminal intent should be considered an essential element of the offense, the defendant suffered no possible prejudice by reason of the Government's failure to specifically allege such intent as an element in the indictment.

We are convinced that the defendant has wholly failed to demonstrate that there is any fatal defect in the indictment.

■ On the search and seizure issue, defendant did not at any time make a motion to suppress the stolen bonds as evidence on the ground that they were unlawfully seized, in the manner required by Rule 41(e), Federal Rules of Criminal Procedure. Defendant likewise made no objection to the Government's offer of such bonds in evidence. In fact, when the Government offered said bonds in evidence, defendant's counsel stated, "No objection."

Accordingly, there is no ruling of the trial court upon the admission of the bonds in evidence or upon the search and seizure issue here for us to review. Billeci v. United States, 9 Cir., 290 F.2d 628, 629.

Finally, defendant asks us to note plain error, particularly with reference to the search and seizure issue. Rule 52(b), Federal Rules of Criminal Procedure, provides:

"Plain Error. Plain errors or defects affecting substantial rights▪ may be noticed although they were not brought to the attention of the court."

■ The application of Rule 52(b) rests within the sound judicial discretion of the appellate court. The normal rule is that an appellate court should not consider questions which have not been properly raised in the trial court and upon which the trial court has had no opportunity to pass. The plain error rule should be applied with caution and should be invoked only to avoid a clear miscarriage of justice. To exercise the right freely would undermine and impair the administration of justice and detract from the advantages derived from orderly rules of procedure. See Johnson v. United States, supra; Billeci v. United States, supra; Page v. United States, supra.

There is evidence in the record that defendant was arrested by police officers for unlawfully backing out of an alley and for not having a valid driver's license in his possession, and that defendant after the arrest consented to the search of his automobile and that such search was a valid incident of the arrest. If defendant had desired to raise the search and seizure issue and have the question of the suppression of the bonds as evidence considered, he could very easily have raised the issue in the trial court by filing a motion to suppress or by objecting to the introduction of the bonds in evidence. The defendant assigns no valid reason why he failed to take such steps. It was defendant's theory upon the trial that he had never

had possession of the bonds, that he did not know that they were in his car, and that his first knowledge of the bonds was acquired when the officers produced them after the search. Apparently the jury did not accept defendant's theory. We see no reason why the defendant, after he has pursued the foregoing course, can, after he determines it is unsuccessful, reverse his position and claim that the bonds were improperly before the jury. If the jury had accepted defendant's theory, he of course would not have been convicted.

We have carefully examined the evidence but have not set it out in any detail as the evidence has little materiality upon the issues before us for consideration. We are satisfied that there is ample evidence to raise a jury issue upon defendant's guilt. Our examination of the instructions as a whole rather than in isolation, persuades us that the instructions are entirely fair to the defendant and not prejudicial. Defendant has wholly failed to make the strong showing required to justify us in invoking the plain error rule. The trial court has committed no plain or substantial error which has resulted in a miscarriage of justice.

The judgment is affirmed.