**UNITED STATES of America, Appellee,**

v.

**Florine Joyce OPSTA, Appellant.**

**No. 81–1197.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 13, 1981.

Decided Sept. 15, 1981.

Rehearing Denied Nov. 6, 1981.

John O. Holm (argued), Dickinson, N. D., for appellant.

James R. Britton (argued), U. S. Atty., Fargo, N. D., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Florine Opsta was indicted on October 15, 1980, for involuntary manslaughter under 18 U.S.C. § 1112 (1980). On December 12, 1980, defendant filed a motion to dismiss the indictment for failure to allege essential elements of the crime. The district court[1] denied the motion. The defendant was found guilty by a jury on January 5, 1981.

Defendant appeals from the denial of her motion to dismiss the indictment. Defendant argues that the indictment was insuffi-

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota.

cient because it failed to allege that defendant (1) acted in a grossly negligent manner; and (2) had actual knowledge that her conduct was a threat to the lives of others.

The indictment charging defendant with involuntary manslaughter read as follows:

That on or about May 18, 1980, in the District of North Dakota, within the exterior boundaries of the Fort Berthold Indian Reservation, in Indian country, and within the exclusive jurisdiction of the United States, the above-named Defendant, FLORINE JOYCE OPSTA, an Indian, did unlawfully kill Diana Fay Uran, Candice Uran, and Linda McCutcheon, without malice while in the commission of an unlawful act not amounting to a felony, to-wit: by failing to pass on the right side of the highway an oncoming vehicle which was proceeding in the opposite direction.

Involuntary manslaughter is defined in 18 U.S.C. § 1112 as follows:

(a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

Voluntary * * *.

Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

The portion of the statute under which Opsta was charged is that which defines involuntary manslaughter as the unlawful killing of a person "[i]n the commission of an unlawful act not amounting to a felony * * *." The unlawful act which Opsta committed was the violation of N.D.Cent. Code § 39–10–09 (1980) which requires drivers to drive on the right side of the road when meeting oncoming cars.

Defendant argues that although the manslaughter statute does not specifically require criminal intent as an element of the crime, intent has been added as an essential element through case law. Defendant further argues that the failure of the indictment to allege criminal intent requires dismissal of the indictment and reversal of the conviction. We agree.

This circuit has established that conviction of involuntary manslaughter requires proof that defendant

acted grossly negligently in that he acted with a wanton or reckless disregard for human life, knowing that his conduct was a threat to the lives of others or having knowledge of such circumstances as could reasonably have enabled him to foresee the peril to which his act might subject others.

*United States v. Schmidt*, 626 F.2d 616, 617 (8th Cir.), *cert. denied*, 449 U.S. 904, 101 S.Ct. 278, 66 L.Ed.2d 136 (1980), *citing United States v. Keith*, 605 F.2d 462, 463 (9th Cir. 1979). These cases have added the elements of gross negligence and actual knowledge of potential harm to others to Section 1112 involuntary manslaughter.[2] The district court properly instructed the trial jury that gross negligence and actual knowledge were essential elements of involuntary manslaughter.[3] Therefore defendant does not challenge the propriety of the jury instructions. The only issue here is whether the indictment was insufficient for failure to allege gross negligence and actual knowledge.

---

**2.** The government agreed that gross negligence and actual knowledge are essential elements of the offense of involuntary manslaughter but argued that those elements were only required for conviction and were not required to be set out in the indictment.

**3.** The relevant jury instruction states:

The unlawful act contemplated by the charging statute must be an act which, in addition to being simply unlawful is, in its nature, dangerous to life or grossly negligent.

As charged in the indictment, the unlawful act proscribed by North Dakota law is the Defendant's alleged failure to drive upon the right side of the roadway when meeting an oncoming vehicle. In order to convict in this case, the evidence must be such as to convince you beyond a reasonable doubt that the Defendant acted with actual knowledge that her conduct was a threat to the lives of others, or to have had such knowledge of circumstances as could reasonably be said to have made foreseeable to her the peril to which her acts might subject others.

To be sufficient an indictment must set forth the essential elements of the offense. *United States v. Vesaas*, 586 F.2d 101, 103 n.4 (8th Cir. 1978); *United States v. Camp*, 541 F.2d 737, 739 (8th Cir. 1976). The Supreme Court has stated that

> [i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."

(Citation omitted). *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 129, *rehearing denied*, 419 U.S. 885, 95 S.Ct. 157, 42 L.Ed.2d 129 (1974); *United States v. Camp, supra*, 541 F.2d at 739.

▮▮▮ Where as here the statute alone does not set forth all the essential elements of the offense, the indictment is insufficient which simply tracks the language of the statute. *Goodloe v. Parratt*, 605 F.2d 1041, 1046 (8th Cir. 1979). We cannot say that this indictment set forth all the elements of the offense in a clear and unambiguous way because the wording of the indictment indicates that the grand jury was informed only that a violation of the traffic code was sufficient to indict defendant on an involuntary manslaughter charge. Failure to allege the essential element of criminal intent makes the indictment fatally defective and requires dismissal of the indictment. *United States v. Denmon*, 483 F.2d 1093, 1095 (8th Cir. 1973).

The government argues that although the indictment did not allege gross negligence and actual knowledge, the government proved those elements beyond a reasonable doubt at trial and the trial jury was properly instructed on all the essential elements of the crime. Thus, the defendant was convicted after consideration by the jury of all the essential elements and her conviction should stand even though it was based on an invalid indictment. We disagree.

The Supreme Court has held that the purpose of the fifth amendment "requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." *Russell v. United States*, 369 U.S. 749, 771, 82 S.Ct. 1038, 1051, 8 L.Ed.2d 240 (1962); *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960). In order to guarantee that a defendant will not be brought to trial except for charges found by a grand jury the rule has been established that an invalid indictment cannot be cured by amendments or additions "except by resubmission to the grand jury." *Russell v. United States, supra*, 369 U.S. at 770, 82 S.Ct. at 1050.

In holding that a defective indictment cannot be cured by a bill of particulars or by proper jury instructions at trial this court in *United States v. Camp, supra*, 541 F.2d at 740, said "[o]nly the words of the indictment give evidence of whether the grand jury considered and included within the offense charged the essential element[s] * * *." In the present case gross negligence and actual knowledge are essential elements of involuntary manslaughter, and we "cannot say that the grand jury would have returned a true bill against the defendant if the essential element of a criminal intent would have been included in the indictment." *United States v. Denmon, supra*, 483 F.2d at 1097. In fact, it is possible that defendant was indicted without any finding of negligence by the grand jury. We therefore hold that the defective indictment was not cured at trial and the indictment must be dismissed.[4]

---

4. In its one divergence from this view the Eighth Circuit in *Gendron v. United States*, 295 F.2d 897, 902 (8th Cir. 1961) held that an indictment which failed to allege criminal intent was not fatally defective because the element of criminal intent was proved by the government beyond a reasonable doubt at trial. The *Gen-* dron case is distinguishable from the present case however because (1) the court in *Gendron* was not convinced that intent was an element of the offense charged, and (2) the court held that an allegation of criminal intent could be inferred from the wording of the indictment. *Id.* at 901.

Judgment reversed and cause remanded to the district court to set aside the judgment, vacate the sentence and grant the original motion to dismiss the indictment.[5]

---

**5.** It is our understanding that defendant may be brought to trial for this offense on a new indictment without a violation of the double jeopardy clause of the Constitution. The Supreme Court has held that retrial of the defendant after dismissal of a defective information did not violate the double jeopardy clause. *Lee v. United States*, 432 U.S. 23, 34, 97 S.Ct. 2141, 2147, 52 L.Ed.2d 80 (1977). We believe this reasoning also applies to the dismissal of a defective indictment.