**UNITED STATES of America, Appellee,**

v.

**Glenn LAGERQUIST, Appellant.**

No. 84–1788.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 1985.
Decided April 3, 1985.

**1280**

Warren Sogard, Fargo, N.D., for appellant.

Gary Annear, Fargo, N.D., for appellee.

Before ROSS and BOWMAN, Circuit Judges, and OLIVER,* District Judge.

ROSS, Circuit Judge.

This case is before the court for the second time. In the defendant's first appeal this court reversed his five-count conviction for interstate transportation of stolen property in violation of 18 U.S.C. § 2314. The government reindicted the appellant and he was subsequently convicted again. This second appeal followed. Juris-

diction is based on 28 U.S.C. § 1291. We affirm the judgment of the district court.[1]

## I. FACTS

The facts which lead to the appellant's conviction were stated in this court's first opinion as follows:

> In March 1982, the appellant, Glenn Lagerquist placed an advertisement in a Fargo, North Dakota, newspaper in an attempt to acquire confectionary sunflower seeds. In response to this ad Dennis Werre telephoned the appellant at a Montana telephone number and left his name and number on an answering machine. On April 14, 1982, Lagerquist called Curtis Werre, Dennis Werre's brother, requesting to purchase sunflower seeds. An agreement was reached whereby appellant was to pay $.12 per pound for the seed, within one week of receipt.

> Between April 15 and April 26, appellant picked up five loads of seed. Initially the Werres believed that the seed was going to a location in Montana, although Lagerquist in fact sold the seed, on the same days as he received it, to Cargill, Inc., in North Dakota. Dennis Werre became suspicious of Lagerquist when appellant's trucks appeared at the farm to pick up seed so frequently in such short intervals of time. After the fifth load was picked up, Dennis Werre demanded payment from the appellant. Lagerquist did not pay Werre for the seed even though he had received payment from Cargill, Inc. Subsequently the Werres complained to the Consumer Fraud Division of the Attorney General's Office regarding their dealings with the appellant.

> As a result of further investigation, Lagerquist was eventually tried and convicted of five counts of interstate transportation of stolen property, under 18 U.S.C. § 2314. He was sentenced by the

---

* The HONORABLE JOHN W. OLIVER, Senior Judge, United States District Court for the Western District of Missouri, sitting by designation.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota.

district court to eight years imprisonment on each count, with the sentences to run concurrently.

*United States v. Lagerquist,* 724 F.2d 693, 693–94 (8th Cir.1984). In reversing the conviction we stated:

> In this case the government filed a five count indictment in the following amounts: Count I, $3,766.79; Count II, $3,668.15; Count III, $3,533.18; Count IV, $3,245.40; and Count V, $3,358.11, representing the amounts of each of the five checks Lagerquist received from Cargill, Inc. As none of the individual checks satisfied the $5,000 requirement of section 2314, *the government sought to aggregate the value of the checks. This is an acceptable procedure provided the separate transactions that give rise to liability are substantially related, and that they are "charged as a single offense."* Schaffer v. United States, 362 U.S. 511, 517, 80 S.Ct. 945, 949, 4 L.Ed.2d 921 (1960). This court upheld such an approach in *United States v. Honey,* 680 F.2d 1228, 1230 (8th Cir.1982).
>
> *In this case the government did not allege multiple transactions in one count of an indictment.* Here, the indictment characterized each transaction as a separate offense. Although the total value of the five checks exceeded $5,000, each count in the indictment only charged Lagerquist with transportation of a single check, and the value of each check was less than $5,000. "Each count of an indictment is regarded as if it was a separate indictment." *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356 (1932); *United States v. Harris,* 701 F.2d 1095, 1103 (4th Cir.), *cert. denied,* 463 U.S. 1214, 103 S.Ct. 3554, 77 L.Ed.2d 1400 (1983). Here, no single count, considered as a separate indictment, satisfies the $5,000 jurisdictional amount.

*Id.* at 694–95 (emphasis added).

Consistent with this court's prior opinion, the government reindicted Lagerquist in a single-count indictment which aggregated the value of the five checks to satisfy the jurisdictional amount. The defendant filed a pre-trial motion to dismiss alleging that the five checks were not "substantially related" and therefore could not be aggregated, and that jeopardy attached in his first indictment and trial. The district court denied the motion and appellant entered a conditional plea of guilty pursuant to FED. R.CRIM.P. 11(a)(2). This appeal followed.

## II. ISSUE

Whether the district court erred in denying the defendant's motion to dismiss.

## III. DISCUSSION

### A. Jurisdiction

18 U.S.C. § 2314 provides in relevant part:

> Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, *of the value of $5,000 or more,* knowing the same to have been stolen, converted or taken by fraud; * * *
>
> \*     \*     \*     \*     \*     \*
>
> Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

*Id.* (emphasis added). The Act defines value in the following manner:

> "Value" means the face, par, or market value, whichever is the greatest, and *the aggregate value* of all goods, wares, and merchandise, *securities, and money referred to in a single indictment* shall constitute the value thereof.

18 U.S.C. § 2311 (emphasis added).

In *Schaefer v. United States,* 362 U.S. 511, 80 S.Ct. 945, 4 L.Ed.2d 921 (1960), the Court held that separate transactions which give rise to liability may be aggregated for the purpose of meeting the jurisdictional limit of 18 U.S.C. § 2314, provided they are substantially related and charged as a single offense. The Court opined:

> Petitioners also contend that, since the individual shipments with which they were connected amounted to less than

$5,000 each, the requirements of the statute as to value were not present. However, it appeared at the trial that the total merchandise shipped to each petitioner during the period charged in the several counts was over $5,000, even though each individual shipment was less. The trial court permitted the aggregation of the value of these shipments to meet the statutory limit, and it is this that is claimed to be error. A sensible reading of the statute properly attributes to Congress the view that *where the shipments have enough relationship so that they may properly be charged as a single offense, their value may be aggregated.* The Act defines "value" in terms of that aggregate. *The legislative history makes clear that the value may be computed on a "series of transactions."*

*Id.* at 517, 80 S.Ct. at 949 (emphasis added).

The appellant claims that because the five checks here were issued to Lagerquist on separate days, for separate shipments of seeds, it was improper to aggregate the amounts. We reject this argument.

In *United States v. Honey,* 680 F.2d 1228 (8th Cir.1982), this court upheld the aggregation of the value of three motors stolen over a four week period from March 14, 1981, to April 14, 1981. The court held:

The district court concluded that the transactions, though separate and distinct, were properly referred to in a single count of the indictment and there was no error in allowing the value of the individual shipments referred to in Count III to be aggregated in order to reach the $5,000 requirement.

We agree that the three transactions were properly included in the single count of the indictment and that there was no error in allowing the jury to aggregate the value of the three motors in order to find the $5,000 value requirement. However, we find it unnecessary to reach the issue of whether "separate and distinct transactions" may be aggregated in reaching the jurisdictional amount. *We are persuaded that there was sufficient relationship in the three transactions here involved to warrant their inclusion in a single count and that their value could properly be aggregated in reaching the jurisdictional amount.*

*Id.* at 1230 (emphasis added).

Here the appellant took delivery of the seeds on April 15, 19, 21, 23, and 26, 1982. Cargill, Inc. issued checks to the appellant drawn on a Chicago bank, on April 20, 22, 26, 28, and 29, 1982. In addition to the fact that all of the fraudulently induced shipments were received, and the checks issued, within a two-week period, other factors weigh in favor of aggregation in this case. All five shipments of the Werre brothers' sunflower seeds were made pursuant to the same fraudulent scheme; the same individuals—the Werres—were defrauded; the appellant sold each shipment to the same buyer—Cargill, Inc.; and the five checks in question were dated April 20, 21, 22, 28, and 29, 1982, respectively—all within a nine-day period. All five checks were promptly transported in interstate commerce and each check cleared through the same Chicago bank. It is clear that all five checks were issued and therefore transported in interstate commerce as a result of the same fraudulent scheme. Principles stated in *Honey,* which involved three interstate shipments made over a four-week period, are obviously applicable to the interstate transportation of the five checks involved in this case which were issued within a nine-day period of time.

■ On this basis we agree with the district court's determination that there was enough relationship among the transactions so that they were properly charged as a single offense.

## B. Double Jeopardy

The appellant also claims that his fifth amendment right to be free from being put twice in jeopardy for the same offense was violated when the government reindicted him after this court reversed his conviction.

The Double Jeopardy Clause does not bar reprosecution of a defendant whose conviction has been overturned on appeal, unless the reversal was based on a finding that the evidence was legally insufficient. *Justices of Boston Municipal Court v. Lydon,* —— U.S. ——, 104 S.Ct. 1805, 1812–13, 80 L.Ed.2d 311 (1984). *See also United States v. Opsta,* 659 F.2d 848, 851 n. 5 (8th Cir.1981) (retrial of defendant after dismissal of indictment did not violate Double Jeopardy Clause). In this case, our prior reversal of the appellant's first conviction was on a jurisdictional ground and did not reach the merits; accordingly, it was not in the nature of an acquittal. Additionally, the appellant is not being subjected to double punishment. The Double Jeopardy Clause is inapplicable.

## IV. CONCLUSION

For the reasons stated above, the judgment of the district court is affirmed.