**Glenn LAGERQUIST, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 86–5324.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 11, 1987.

Decided June 12, 1987.

Douglas B. Altman, Minneapolis, Minn., for appellant.

Gary Annear, Asst. U.S. Atty., Fargo, N.D., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

LAY, Chief Judge.

Glenn Lagerquist brought this action under 28 U.S.C. § 2255 (1982) to challenge his conviction for interstate transportation of stolen goods under 18 U.S.C. § 2314 (1982).[1] Lagerquist obtained five truckloads of sunflower seeds from North Dakota farmers Dennis and Curtis Werre in 1982. Lagerquist then sold the seeds to a Cargill outlet in Riverside, North Dakota, and received five checks, each worth between $3200 and $3800. Lagerquist cashed these checks in North Dakota or deposited them in bank accounts in North Dakota. He never paid the Werres for their seeds. The checks then passed through the interstate channels of the bank collection process.

This is the fourth time Lagerquist's case has been before this court. In 1984 we set aside his original conviction because the five-count indictment failed to include any single count involving the requisite $5000 amount. *See United States v. Lagerquist,* 724 F.2d 693 (8th Cir.1984). Lagerquist then was recharged on a single-count indictment. This time he pled guilty, conditioned on his right to appeal the district court's denial of his motions to dismiss on double jeopardy and jurisdictional grounds. Lagerquist did appeal on these grounds, and we affirmed his conviction. *See United States v. Lagerquist,* 758 F.2d 1279 (8th Cir.1985). Lagerquist then filed the present postconviction action under 28 U.S.C. § 2255 (1982).[2] A federal magistrate[3] recommended dismissal, and the district court[4] accepted that recommendation and entered a judgment of dismissal.

On appeal, Lagerquist raised seven issues in a pro se brief, to which the government responded. Subsequently, counsel was appointed to represent Lagerquist, and counsel filed a brief "highlighting" four of the seven issues. The government again responded. The primary thrust of Lagerquist's arguments is that he did not violate section 2314 because he fraudulently obtained *sunflower seeds,* but caused only the *payment checks* to be transported in interstate commerce. Lagerquist argues that under *Dowling v. United States,* 473 U.S. 207, 105 S.Ct. 3127, 87 L.Ed.2d 152 (1985), section 2314 requires "physical identity" between the goods stolen and the goods transported in interstate commerce. On this basis, Lagerquist asserts the district court lacked statutory jurisdiction to convict him.

In *Dowling* the Supreme Court held that section 2314 does not extend to interstate transportation of "bootleg" phonorecords, since the only theft or fraudulent activity involved was copyright infringement. *Id.* 105 S.Ct. at 3138. The Court observed that section 2314, which requires that the "'goods, wares, [or] merchandise' be 'the same' as those 'stolen, converted or taken by fraud,' * * * seems clearly to contemplate a physical identity between the items unlawfully obtained and those eventually transported, and hence some prior physical taking of the subject goods." *Id.* at 3133. The transported records themselves were not stolen or taken by fraud, and since a copyright infringer does not assume physical control over the copyright, the Court held that the physical identity requirement of section 2314 was missing. *Id.* at 3134. In short, the goods transported were not the same as any property fraudulently obtained or stolen.

**1.** Section 2314 provides:
Whoever transports in interstate or foreign commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud;
* * * * * *
Shall be fined not more than $10,000 or imprisoned not more than ten years, or both.

**2.** In an unrelated action, Lagerquist recently challenged a parole commission ruling in his

case. Lagerquist's 28 U.S.C. § 2241 petition was denied by the district court and we affirmed. *See Lagerquist v. Perrill,* 808 F.2d 840 (8th Cir. 1986) (per curiam).

**3.** The Honorable Karen K. Klein, United States Magistrate for the District of North Dakota.

**4.** The Honorable Paul Benson, Senior United States District Judge for the District of North Dakota.

Lagerquist's actions differ from those committed by the defendant in *Dowling*. Paragraph one of the indictment charged that Lagerquist "devise[d] and scheme[d] an artifice to defraud and obtain *money and securities* by means of false and fraudulent pretenses * * * and caused to be transported, in interstate commerce the bank checks and drafts * * * thus fraudulently obtained." (Emphasis added). Lagerquist's fraudulent act under paragraph one of the indictment was not in driving off with the Werres' seeds; it was in selling those seeds and keeping the money, instead of paying the Werres within one week, as he had promised to do. In other words, Lagerquist schemed to steal checks, not seeds. He later caused those same checks to be transported in interstate commerce.

When the charge against Lagerquist is viewed in the way we have just described, *Dowling* presents no basis for overturning Lagerquist's conviction. The Supreme Court's concerns about the identity of property were met. The same checks that were fraudulently obtained were transported in interstate commerce. As the federal magistrate's recommendation found, Lagerquist's argument "widely misses the mark" because he fails to recognize that the real nature of his fraudulent scheme was clearly proscribed by section 2314.

To summarize, the essence of Lagerquist's petition for post-conviction relief is that the indictment alleged insufficient facts to support a federal cause of action and the trial court, therefore, lacked subject matter jurisdiction over the case. In light of the foregoing discussion, however, it is evident that the indictment was, in fact, sufficient and proper.[5] We hold that the court properly exercised jurisdiction in this matter. The denial of Lagerquist's petition for a writ of habeas corpus is affirmed.

---

**5.** Moreover, Lagerquist is barred from raising this issue since it is well settled that a post-conviction action under section 2255 may not be used as a substitute for an appeal. *United States v. Samuelson*, 722 F.2d 425, 427 (8th Cir.1983).

Also, Lagerquist's plea of guilty bars him from raising all issues except as to jurisdictional questions. We have gone directly to the merits to show there was no lack of jurisdiction and also to bring finality to this litigation.