Donald **ROSSBACH**, Appellant,

v.

**UNITED STATES of America,**
Appellee (Two Cases).

Nos. 88-5532, 89-5079.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1989.

Decided June 29, 1989.

Donald Rossbach, pro se.

Thorwald H. Anderson, Jr., Minneapolis, Minn., for appellee.

Before McMILLIAN, JOHN R. GIBSON, and MAGILL, Circuit Judges.

PER CURIAM.

Donald Rossbach, a Native American Indian, appeals pro se from the final order of the District Court[1] for the District of Minnesota denying his petition for a writ of habeas corpus.[2] We affirm.

---

1. The Honorable Edward J. Devitt, United States District Judge for the District of Minnesota.

2. Rossbach's habeas petition was filed under 28 U.S.C. § 2241. Construing the petition as one challenging Rossbach's underlying conviction pursuant to 28 U.S.C. § 2255, the original judge

After withdrawing a guilty plea to one count of rape, Rossbach was tried by a jury and found guilty of two counts of rape and one count of assault. He was sentenced to concurrent terms of imprisonment of thirty years on each rape count and ten years on the assault count. The convictions were affirmed on appeal. *United States v. Rossbach*, 701 F.2d 713 (8th Cir.1983).

On October 27, 1988, Rossbach filed his second petition for a writ of habeas corpus alleging numerous instances of prosecutorial misconduct, grand jury abuse, and ineffective assistance of counsel, all of which Rossbach admits to having raised in his original section 2255 action. Because the district court previously rejected these identical issues in *United States v. Rossbach*, No. CR 6-81-47 (D.Minn. Sept. 15, 1987) (order), it refused to reconsider them.

Rossbach also asserted that the trial judge made unfair rulings at trial and, therefore, should disqualify himself or "be removed" from this case. The district court found no merit to this claim, as there is no basis for disqualification absent a showing of personal bias or prejudice arising from an extrajudicial source. *See United States v. Jones*, 801 F.2d 304, 312 (8th Cir.1986).

Rossbach further contended he should have been sentenced under Minnesota, not Federal, law. The district court rejected this claim because Rossbach was convicted under 18 U.S.C. § 1153 (1982), which provided, inter alia, that an Indian who commits rape or assault within Indian country shall be subject to the laws and exclusive jurisdiction of the United States.

Last, Rossbach asserted that the Assistant United States Attorney gained an unfair advantage by trying the government's case after having participated in the guilty plea and plea withdrawal hearings. This argument was raised and rejected on

direct appeal. *See Rossbach*, 701 F.2d at 717–18.

Having reviewed the record, we find that this appeal does not require further consideration and hold that the district court properly denied Rossbach's habeas petition.

Accordingly, we affirm the district court's order denying Rossbach's habeas petition. *See* 8th Cir.R. 12(a).

---

ordered the case transferred to Judge Devitt, who presided over Rossbach's trial and sentencing. Rossbach appealed (No. 88–5532). As the transfer order was not a final appealable order, that appeal is hereby dismissed. Incorporating Rossbach's challenge to the transfer into appeal No. 89–5079, we hold the transfer was proper. *See* Rule 4 of the Rules Governing Section 2255 Proceedings.