5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Joseph Wesley BALZER, Appellant,
v.
UNITED STATES of AMERICA, Appellee.
 No. 93-1691.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 3, 1993.
Filed: September 9, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph Wesley Balzer, a federal inmate, appeals from the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Balzer and his co-defendants were convicted on one count of operating and directing the operation of a common carrier while under the influence of alcohol in violation of 18 U.S.C. Sec. 342. We affirmed Balzer's conviction. United States v. Prouse, 945 F.2d 1017 (8th Cir. 1991). Balzer then filed this pro se motion raising for the first time errors regarding the indictment and the grand jury proceedings, and constitutional claims regarding section 342.
 
 
 3
 The government claimed procedural default, and at a hearing, Balzer briefly asserted ineffective assistance of appellate counsel as cause for his default. The district court held that Balzer had procedurally defaulted his claims and that he had failed to show cause and prejudice. This timely appeal followed.
 
 
 4
 A section 2255 motion is not a substitute for a direct appeal. See Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), cert. denied, 113 S. Ct. 1351 (1993). Thus, claims which could have been presented on direct appeal are not considered in a section 2255 proceeding absent a showing of cause for the failure to raise them and actual prejudice resulting from that failure. Id. at 447-48.
 
 
 5
 Balzer failed to raise by motion before trial the alleged errors in the indictment and grand jury proceedings. See United States v. Sileven, 985 F.2d 962, 965 (8th Cir. 1993) (per curiam); Fed. R. Crim. P. 12(b)(1)-(2) & (f); see also Lagerquist v. United States, 820 F.2d 969, 971 n.5 (8th Cir.) (finding defendant barred from raising insufficiency of indictment in section 2255 motion), cert. denied, 484 U.S. 955 (1987); Little v. United States, 524 F.2d 335, 336 (8th Cir. 1975) (per curiam) (explaining that errors regarding indictment and grand jury proceedings are not normally cognizable in section 2255 motions), cert. denied, 424 U.S. 920 (1976). Balzer similarly failed to raise on direct appeal his constitutional challenges regarding section 342. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (holding that defendant cannot raise in section 2255 motion constitutional issues which were not raised on direct appeal absent showing of cause and prejudice).
 
 
 6
 Although at the hearing and in his appeal brief Balzer summarily mentioned ineffective assistance of appellate counsel as cause for his default, he has not shown that counsel performed deficiently in failing to raise these issues on direct appeal, and that counsel's deficient performance prejudiced him. See Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993). Therefore, we conclude Balzer's claims are procedurally barred.
 
 
 7
 We further conclude that Balzer's conclusory allegations of judicial bias during the section 2255 hearing are insufficient to demonstrate "personal bias or prejudice arising from an extrajudicial source." See Rossbach v. United States, 878 F.2d 1088, 1089 (8th Cir. 1989). An unfavorable judicial ruling, as in this case, does not imply bias. See Harris v. Missouri, 960 F.2d 738, 740 (8th Cir.), cert. denied, 113 S. Ct. 339 (1992).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota