United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————

No. 03-30010

————

MARYLENA G. BROWN, individually and on behalf of others similarly situated,

Plaintiff-Appellant,

versus

PROTECTIVE LIFE INSURANCE CO.; BANNER OF NEW ORLEANS INC.; CRESCENT BANK & TRUST CO.,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana

Before JOLLY, SMITH, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Appellant, Marylena Brown, on behalf of herself and proposed class members, sued Appellees, Protective Life, Banner, and Crescent Bank & Trust (collectively "Protective Life"), claiming a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) related to Protective Life's sale of credit life insurance. Brown argues that the district court improperly dismissed her suit for lack of individual RICO standing under FED. R. CIV. P. 12(b)(6). While Protective Life advances

multiple grounds upon which we should affirm the district court's dismissal, we focus on one: Whether Brown alleged a valid RICO injury to her business or property sufficient to afford her RICO standing.

We review *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss. *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 246 (5th Cir. 1997). We do not dismiss a case under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

RICO creates a civil cause of action for "[a]ny person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c); *see also Beck v. Prupis*, 529 U.S. 494, 120 S. Ct. 1608, 146 L. Ed. 2d 561 (2000); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000). To state a RICO claim under § 1962, "there must be: '(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Paul Mercury*, 224 F.3d at 439 (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988)). "A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury*, 224 F.3d at 441.

In this case, Brown alleged violations of § 1962(c), which "prohibits 'any person employed by or associated with any enterprise' from participating in or conducting the affairs of that enterprise through a pattern of racketeering activity." *Id*. at 445 (quoting 18 U.S.C. § 1962(c)). Brown alleged a pattern of racketeering in violation of 18 U.S.C. § 2314. A violation of § 2314 contains three elements: "(1) the interstate transportation of (2) goods, merchandise, wares, money, or securities

-2-

valued at $5,000 or more[;] (3) with knowledge that such items have been stolen, converted or taken by fraud." *United States v. Onyiego*, 286 F.3d 249, 253 (5th Cir. 2002). Brown alleged that Protective Life engaged in racketeering activity through the predicate acts of (1) interstate transportation of (2) money exceeding $5,000 (3) taken by fraud.

The Supreme Court has stated that a RICO plaintiff "only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the [RICO] violation." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496, 105 S. Ct. 3275, 87 L. Ed. 2d 346 (1985). In class actions, "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class . . . ." *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (quotations omitted). Brown, as the only named plaintiff in this RICO action, must allege that she was injured by predicate acts, which, in this case, would be the interstate transportation of goods in excess of $5,000 that were taken by fraud. *Accord Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 659 (3d Cir. 1998) (abrogated on other grounds) ("To link their own injuries to the alleged RICO enterprise, plaintiffs must allege what happened to them . . . . Until the putative class is certified, the action is one between the [named plaintiffs] and the defendants.").

Brown argues that this reading of RICO standing requirements is in tension with Supreme Court precedent. Brown cites *Schaffer v. United States*, 362 U.S. 511, 80 S. Ct. 945, 4 L. Ed. 2d 921 (1960), for the proposition that she may aggregate Protective Life's alleged RICO-violating actions to meet the statutory predicate act requirement. *See id.* at 517 ("A sensible reading of the statute properly attributes to Congress the view that where shipments have enough relationship so that they may properly be charged as a single offense, their value may be aggregated."). *Schaffer* did

allow aggregation, but only in criminal cases where the separate transactions were substantially related and charged as a single indictment. *See United States v. Perry*, 638 F.2d 862, 870 (5th Cir. 1981). Brown cites no case extending the rationale of *Schaffer* to civil cases.[1]

Brown does not meet the RICO standing requirements because she cannot allege injury beyond $1,876.70, which is the total amount of her credit life insurance premium. Brown's First Amended Complaint alleged predicate acts in excess of $5,000, but those allegations incorporated aggregated premiums paid by unnamed plaintiffs. As stated previously, because she is the only named plaintiff, Brown must allege injury to her business or property.

Brown argues that, independent of the disputed insurance *premiums*, insurance *proceeds* from the credit life insurance were in excess of the $5,000 RICO threshold. While Brown clearly alleged proceeds as a predicate act in her complaint, she did not raise the issue before the district court in response to Protective Life's motion to dismiss. We do not consider arguments that were not adequately briefed before the district court. *See Vogel v. Veneman*, 276 F.3d 729, 733 (5th Cir. 2002) ("A party must have raised an argument 'to such a degree that the trial court may rule on it.'") (quoting *In re Fairchild Aircraft Corp.*, 6 F.3d 1119, 1128 (5th Cir. 1993)); *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 780 n.1 (5th Cir. 2002) ("As a general rule, a party may not allude to an issue in the district court, abandon it at the crucial time when the district court might have been called to rule upon it, and then resurrect the issue on appeal.").

Assuming *arguendo* that Brown raised the issue of proceeds in response to Protective Life's

---

[1]We discovered only one case extending the rationale of *Schaffer* to civil RICO cases. *See I. Rokeach & Sons, Inc. v. Eisenbach*, 1986 WL 5004 *1 (N.D. Ill. April 22, 1986). *Eisenbach*, however, is not instructive. *Eisenbach* relied on two circuit court opinions, both of which dealt with aggregation in the criminal context. *Id.* at *2 (citing *United States v. Honey*, 680 F.2d 1228 (8th Cir. 1982); *United States v. Perry*, 638 F.2d 862, 870 (5th Cir. 1981)). *Eisenbach* provided no analysis as to why criminal RICO requirements should extend to a civil RICO standing issue.

motion to dismiss, the proceeds are insufficient to state a RICO cause of action because the insurance proceeds, which were returned to Brown, did not harm Brown's business or property. Only the $1,876.60 that Brown paid for the loan )) the premium )) harmed Brown's business or property. Whether, and by how much, the insurance premiums and proceeds from Protective Life's credit life insurance plans harmed other, unnamed individuals is irrelevant to the question of whether Brown has RICO standing.

Brown can only allege injury by Protective Life in the amount of her $1,876.70 insurance premium. Because that amount is less than the required $5,000 for federal RICO standing, we AFFIRM the district court's dismissal of Brown's RICO claim. Crescent Bank & Trust's motion to take judicial notice and supplement the record on appeal is DENIED. Crescent Bank & Trust's motion to strike portions of Appellant's brief is GRANTED.