**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4473**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICHARD DEAN MEARS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-212)

Submitted: March 27, 2006          Decided: April 20, 2006

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Dean Mears, Appellant Pro Se. Douglas Cannon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Richard Dean Mears was convicted on ten counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2005), one count of wire fraud, in violation of 18 U.S.C.A. § 343 (West Supp. 2005), and one count of travel in interstate commerce for a fraudulent purpose ("interstate travel fraud"), in violation of 18 U.S.C. § 2314 (2000).[*] The district court sentenced him to concurrent 114-month prison terms on each count. Mears timely appeals.

Mears challenges the sufficiency of the evidence to support his convictions. A jury's verdict must be upheld on appeal if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). Substantial evidence is defined as "that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)). We have thoroughly reviewed the record and find that the evidence was sufficient to support Mears' convictions of mail fraud, Neder v. United States, 527 U.S. 1, 25 (1999); United States v. Godwin, 272 F.3d 659, 666 (4th Cir. 2001), wire fraud, Neder, 527 U.S. at 25; United States v. Vincent, 416 F.3d 593, 600 (7th Cir. 2005); and interstate travel fraud, Brown v. Protective

_____

[*]Mears was represented by counsel at his jury trial, but elected to proceed without counsel at all further proceedings, including on appeal.

<u>Life Ins. Co.</u>, 353 F.3d 405, 407 (5th Cir. 2003); <u>United States v. Monas</u>, 128 F.3d 376, 384 (6th Cir. 1997).

Mears also argues that his federal prosecution violates the prohibition against double jeopardy, that the state authorities engaged in outrageous conduct in referring his case to the federal authorities, that the federal prosecutor engaged in prosecutorial misconduct, and that his sentence violated the Sixth Amendment. We find these claims are meritless. Finally, Mears argues that he was deprived of effective assistance of trial counsel. However, because the record does not conclusively show ineffective assistance of counsel, this claim is not cognizable on direct appeal. <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).

Accordingly, we affirm Mears' convictions and sentence. Mears' motion to file an oversized brief is granted. Mears also filed a motion entitled "Request for Certification or Judicial Notice of Presentence Report." To the extent that he asks this court to consider the presentence report in reviewing his claims, we grant the motion. Mears' motion for transcripts is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>